Chester WILSON, Plaintiff–Appellant,

v.

William A. HALTER, Commissioner of
Social Security Administration,
Defendant–Appellee.

No. 00–4515.

United States Court of Appeals,
Sixth Circuit.

Oct. 25, 2001.

Before NELSON, DAUGHTREY, and
MOORE, Circuit Judges.

### ORDER

Chester Wilson appeals from a district court judgment affirming the Commissioner's denial of Wilson's application for Social Security Disability Insurance benefits. *See* 42 U.S.C. § 405(g). The court sent a letter to the parties inquiring why the case should not be heard without oral argument, and neither party responded. This panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wilson filed an application for benefits alleging that he suffered from diabetes, hydrocephalus, disc problems in his neck, and weakness in his arms, hands, and legs. Following a hearing, an administrative law judge (ALJ) determined that Wilson was not disabled because he could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Wilson then filed a complaint challenging the Commissioner's decision. A magistrate judge, hearing the case with the consent of the parties, granted judgment for the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of HHS,* 889 F.2d 679, 681 (6th Cir.1989).

Wilson argues that the Commissioner erred in rejecting the opinions of his treating physicians and giving greater weight to the opinions of non-examining

physicians. It is true that the opinion of a non-examining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physicians. *Shelman v. Heckler,* 821 F.2d 316, 321 (6th Cir.1987). However, the treating physician's opinion is entitled to controlling weight only when the medical opinion is not inconsistent with the other substantial evidence in the record. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 530 (6th Cir.1997).

In Wilson's case, all three treating physicians expressed their opinions that Wilson was disabled in the context of his previous position as a bricklayer, a position involving heavy labor. In contrast, the non-examining physicians' opinions concerned Wilson's residual functional capacity to do lighter work. The treating physician's opinions were inconsistent with the substantial evidence in the record that Wilson could perform, with a few additional limitations, at the light work level.

■ Wilson also argues that the magistrate judge and the district court erred in failing to specifically address Wilson's hand restrictions. The loss of manipulative ability or capacity is a nonexertional limitation. *Hurt v. Sec'y of HHS,* 816 F.2d 1141, 1143 (6th Cir.1987) (per curiam). When nonexertional impairments are present, the ALJ must make a specific finding regarding whether the limitations are sufficiently severe to preclude a full range of employment under the guidelines. *Cole v. Sec'y of HHS,* 820 F.2d 768, 771–72 (6th Cir.1987).

Contrary to Wilson's argument, the district court did address the issue and concluded that Dr. Wolfe's description of Wilson's grip as "moderate" was sufficient to show no significant manual limitations. While the ALJ did not recite the phrase "manipulative abilities," the ALJ did recite Dr. Wolfe's findings concerning Wilson's hand restrictions. The ALJ then listed Wilson's residual functional capacity, in-

cluding the ability to perform work with some pushing and pulling of arm controls. So the ALJ clearly did consider the issue and did conclude that the limitations were not sufficiently severe to prevent Wilson from performing at the light work level.

The judgment of the district court is affirmed.